# IN THE COURT OF APPEALS OF IOWA

No. 20-1214
Filed November 4, 2020

IN THE INTEREST OF A.C.,
Minor Child,

A.C., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachel E. Seymour, District Associate Judge

A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant mother

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

David Barajas of Macro & Kozlowski LLP, West Des Moines, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Greer, JJ.

**MULLINS, Presiding Judge.**

This family came to the attention of the Iowa Department of Human Services in November 2019 upon concerns for the mother's mental health, her ability to provide basic care for the nearly two-month old child, the child's exposure to domestic violence between the parents, and the mother's refusal to participate in safety planning. The juvenile court granted the State's application for temporary removal, and the child was placed with relatives, where he remained for the duration of the proceedings. The State petitioned for adjudication of the child as in need of assistance (CINA). Prior to the adjudication hearing, the mother tested positive for marijuana. In December, the parties stipulated to the child being a CINA pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2019). After the adjudication hearing, the child tested positive for methamphetamine, which no one was able to explain. Thereafter, the mother tested negative for all substances. She also underwent a substance-abuse evaluation, and no treatment was recommended.

Ultimately, the mother's lack of meaningful participation in services led to the filing of a termination petition in June 2020. Following a termination hearing in August, the court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2020). The mother appeals.[1]

On appeal, the mother challenges the sufficiency of the evidence supporting the statutory ground[2] for termination cited by the juvenile court; argues termination

---

[1] The father's rights were also terminated. He does not appeal.
[2] The mother argues the court erred in terminating her rights under paragraphs (e) and (h) of section 232.116(1). As noted, the court only terminated her rights under paragraph (h).

is contrary to the child's best interests; and requests the application of statutory exceptions to termination, establishment of a guardianship, or additional time to work toward reunification.

Appellate review of orders terminating parental rights is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

First, the mother purports to challenge the sufficiency of the evidence supporting termination under section 232.116(1)(h). But she does not specifically challenge any of the elements of that provision. As to the first three elements, the evidence is clear and convincing that the child is three years of age or younger, has been adjudicated CINA, and had been removed from parental custody for the statutory period. *See* Iowa Code § 232.116(1)(h)(1)–(3). As to the fourth element, whether the child could be returned to her care at the present time, *id.* § 232.116(1)(h)(4), the mother only states "it is likely [she] could safely resume care of [the child] by November 2020." But the statutory language "at the present time" means "at the time of the termination hearing." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The mother appears to agree she could not resume care of the child at the relevant time. And a de novo review of the record confirms the mother's concession. The mother was offered a number of services throughout the proceedings, but her follow through was largely lacking. She was recommended to participate in weekly mental-health therapy. The mother only scheduled eleven such appointments during the course of the proceedings and, of those eleven, she

only attended seven. And despite the prevalence of domestic violence between the parents, with the mother commonly being the aggressor, the mother did not begin participating in domestic violence courses until late July 2020. Four classes were available to her between then and the termination hearing in August, but she only attended one. While the mother obtained housing, it was a one-bedroom apartment with no bed for the child, and her rent and utilities for the ensuing six months were paid for by the domestic-violence shelter, which would discontinue in September, roughly a month after the termination hearing. At the time of the termination hearing, the mother remained unemployed and without a source for paying for her rent and utilities beyond September. The mother testified to her agreement that she is "unable to demonstrate the stability [the child] needs." She opined it would take "a month or two" before she would have the stability to care for the child. The State met its burden for termination under section 232.116(1)(h).

The mother also argues termination is contrary to the child's best interests. In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). As noted, the defining elements of a child's best interests are safety and need for a permanent home. *H.S.*, 805 N.W.2d at 748. The mother has simply not progressed to a point at which her child can be returned to her care. The mother has demonstrated a pattern of instability and inability to provide appropriate care for the child. While the mother testified to her plans to engage in certain services after the termination hearing, waiting until then was too late. *See In re C.B.*, 611

N.W.2d 489, 495 (Iowa 2000). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)). And the relative placements have provided a loving and safe home and are willing to provide permanency. *Cf.* Iowa Code § 232.116(2)(b). We conclude termination is in the child's best interests.

The mother also requests application of the statutory exceptions to termination contained in Iowa Code section 232.116(3)(a) and (c). We first note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). Section 232.116(3)(a) allows the court to forego termination when a relative has legal custody of the child. Upon our de novo review, we find applicable the principle that "[a]n appropriate determination to terminate a parent child relationship is not to be countermanded by the ability and willingness of a family member to take the child," *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997), and we decline to apply this exception to termination. As to the exception contained in section 232.116(3)(c), we conclude the mother failed to provide "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (noting parent bears burden to establish an exception to termination). The bond between mother and child is limited at best given the child's young age and removal from the mother's care for

most of his life, and the child displays signs of discomfort during visits with the mother. We decline to apply this exception as well.

The mother also suggests establishment of a guardianship in the relatives in lieu of termination was appropriate. *See* Iowa Code § 232.117(5) (authorizing the court, following a termination hearing, to enter an order in accordance with section 232.104 in lieu of terminating parental rights); *see also id.* § 232.104(2)(d)(1) (allowing for transferring of "guardianship and custody of the child to a suitable person"). We begin with the principle that "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Although section 232.104(2)(d) allows for the establishment of a guardianship as a permanency option, section 232.104(3) requires "a judicial determination that [such a] planned permanent living arrangement is the best permanency plan for the child." *See B.T.*, 894 N.W.2d at 32–33. Determining the best permanency plan for a child is a best-interests assessment. A guardianship, rather than termination, would not promote stability or provide permanency to this young child's life. *See In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011) ("So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child to the parent's custody."). We find a guardianship would be contrary to the child's best interests.

At the termination hearing, the mother requested an extension until November 2020 to continue working toward reunification. She repeats her request on appeal. Given the mother's track record and lack of meaningful participation in services, we are unable to conclude "the need for removal . . . will no longer exist

at the end of the additional . . . period," and we deny the mother's request for additional time.  *See* Iowa Code § 232.104(2)(b).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**